MARION F. EDWARDS, Judge, Ad Hoc.
| PPlaintiffs/appeIlants, Mamie B. Bell and her husband, Earl Bell, appeal a judgment of the district court granting an involuntary dismissal of their case in favor of defendants/appellees “Milton Kristi” and State Farm Mutual Automobile Insurance *747 Company (“State Farm”), the Bells’ uninsured motorist (UM) carrier. At the outset, we note that the petition is framed against “Milton Kristi” and requests service against same. In the record attached to Mamie Bell’s (“Bell”) Application For New Trial And In The Alternative Motion To Reopen Case, she attaches a letter from Safeway Insurance Company of Louisiana (“Safeway”) to State Farm and referencing the instant case, advising that a policy issued to Michael Milton had been cancelled effective June 6, 2001, for nonpayment of premium. A second letter from Safeway to Bell’s counsel references “Michael and Kristi Milton” and informs Bell of the denial of her claim, attaching a copy of its earlier letter to State Farm. Thus, it appears that “Milton Kristi” is actually “Kristi Milton,” the driver of the vehicle that hit Bell.
On October 19, 2001, Bell was driving her automobile on Florida Boulevard in Baton Rouge when she was involved in a collision with a vehicle driven by Kristi Milton (“Kristi”). Bell filed suit for damages in the Nineteenth Judicial District Court. Trial on the matter was held in January 2005. After the plaintiffs | ?,rested their case, State Farm moved for an involuntary dismissal on the basis that no evidence had been presented that the Kristi vehicle was uninsured. Prior to the granting of the motion to dismiss, Bell moved to reopen the case, which motion was denied. In this denial, the court noted there had been no service on Kristi and that the only party before the court on that date was State Farm. The court also stated that it did not think it could allow Bell to reopen her case unless counsel agreed to it. Thereafter, the court granted the dismissal.
A trial court’s decision to reopen a case for additional evidence is discretionary and will not be disturbed absent a clear abuse of discretion.[1] The court had the discretion to allow Bell to reopen the case without the consent of State Farm,[2] especially considering that the motion to dismiss had not yet been granted, and it was error to determine that the consent of State Farm was necessary.
Bell testified that State Farm paid her property damage, as well as her medical bills and lost wages. In contesting the dismissal, counsel for Bell argued that the fact that State Farm paid lost wages and medical bills “was like a false notice to me that State Farm was admitting that the other driver did not have liability insurance for them to have paid us $4,956, even though the medical policy is different from paying lost wages.” State Farm argued that its payment was simply a good faith unconditional tender. We note that the record on appeal does not indicate that State Farm ever contested the uninsured/underinsured status of the other vehicle. In the joint Pre-Trial Order, Bell alleged that Kristi was uninsured and, thus, State Farm was liable for her injuries; State Farm submitted that the primary issue in the case was damages and causation. State Farm was well aware |4that this claim was being asserted by Bell. Under these circumstances, the court abused its discretion in refusing to allow Bell to reopen her case.
Under LSA-C.C.P. art. 1672, which governs involuntary dismissal, the standard for granting such a dismissal is whether the plaintiff has presented sufficient evidence to establish her claim by a prepon *748 derance of the evidence. The trial court’s decision on the motion should not be disturbed on appeal absent manifest error or unless clearly wrong. On appeal, we must assess not whether the trial court’s decision is right or wrong, but whether it is “ ‘reasonable in light of the record reviewed in its entirety.’ ”[3] (Citation omitted.)
In light of our findings above, we find that the court erred in granting the Motion For Involuntary Dismissal, after refusing to let Bell reopen her case.
Pursuant to La. C.C.P. art. 2164, courts of appeal have the power to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so.... Such a remand is warranted only when the new evidence is likely to affect the outcome of the case.... The power to remand on this basis should be exercised sparingly.... Whether a particular case is remanded is a matter over which the court has much discretion and is governed by the particular facts and circumstances in each case.... [4]
(Citations omitted.)
The testimony at trial indicated that Bell suffered some general damages as a result of the accident. Allowing the introduction of the evidence, particularly the letters to counsel for Bell and to State Farm that were attached to Bell’s Motion For New Trial, will obviously affect the outcome of the case and do substantial justice to Bell.
| BFor the foregoing reasons, we set aside the judgment dismissing Bell’s case, and we remand to the trial court with instructions to allow Bell to submit evidence of the uninsured/underinsured status of Kristi. Costs are assessed to State Farm.

JUDGMENT OF DISMISSAL SET ASIDE; REMANDED WITH INSTRUCTIONS.

. Fly v. Allstar Ford Lincoln Mercury, Inc., 95-1216 (La.App. 1 Cir. 8/21/96), 690 So.2d 759.

. See, e.g., Fly v. Allstar Ford Lincoln Mercury, Inc., supra.

. Leday v. Safeway Ins. Co. of La., 2004-610 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084, 1087.

. Barnhill v. A-1 Remodeling, 2002-0357 (La. App. 1 Cir.2003), 858 So.2d 661, 665, writ denied, 2003-2159 (La. 11/14/03), 858 So.2d 419.